## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLENE A. MCCORMICK,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No. SAG-19-2415** |
| | * | |
| **THE HOUSING AUTHORITY OF** | * | |
| **BALTIMORE CITY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MEMORANDUM OPINION</u>

Plaintiff Charlene A. McCormick ("Plaintiff") filed suit against the Housing Authority of Baltimore City ("HABC"), alleging injury from the longstanding conditions of her public housing unit.   Complaint, ECF 2.  Currently pending are two motions: HABC's motion to dismiss, or, in the alternative, for summary judgment,  ECF 7, and Plaintiff's motion to strike the motion to dismiss, ECF 11. Plaintiff also characterized the motion to strike as an opposition to HABC's motion to dismiss. *Id.* This Court has reviewed both motions, along with HABC's reply,  ECF 12. For the reasons explained below, Plaintiff's motion to strike will be denied, HABC's motion to dismiss will be granted as to Plaintiff's federal claims, and the case will be remanded to state court for adjudication of Plaintiff's state law claims.

### I.   MOTION TO STRIKE

Initially, as this Court has stated in multiple cases, a motion to strike another pending motion is not an appropriate procedural tool.  *See, e.g., Dowdy v. Santander Consumer USA, Inc.,* Civil No. SAG-19-01386, 2019 WL 5455554, at *5 (Oct. 24, 2019) ("Procedurally, I concur with the opinion Judge Chasanow issued in *Maxtena v. Marks,* Civil No. DKC-11-0945, 2012 WL 113386 (D. Md. Jan. 12, 2012); *see also Muir v. Applied Integrated Techs., Inc.,* DKC-13-0808,

2013 WL 6200178, at *4 (D. Md. Nov. 26, 2013) ("[M]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") . . . Judge Chasanow opined that the Federal Rules of Civil procedure only permit a motion to strike matters contained in pleadings, not those contained in other motions, briefs, or attachments." *Id.* at *4."). Thus, while this Court has fully considered all of the arguments Plaintiff made in her filing, and has construed the filing as an opposition to HABC's motion to dismiss, this Court will deny the improper motion to strike.

## II.   FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Complaint, and are taken as true for purposes of this Motion. On March 28, 2017[1], Plaintiff delivered a "Notice of Claim Form" to HABC, alleging that "HABC and employees are responsible for her long term personal injuries while residing on HABC's toxic premises in the same unit for 31 years." ECF 2 at 3. Essentially, Plaintiff alleges that her unit experienced a faulty renovation in 1985-86, resulting in flooding, rusty pipes, broken appliances, and soil erosion causing rust and tainted water. *See id.* These conditions, Plaintiff alleges, caused mold and other toxins to grow within her unit, and caused her to develop serious health issues. *Id.* Plaintiff alleges that she had to forego her careers as a "community consultant/organizer and a local artist" as a result of her poor health. *Id.*

Plaintiff alleges that she was exposed to (1) corroded pipes and soil erosion; (2) faulty repairs and inspections; and (3) expired appliances that caused her health issues. *Id.* at 7. She further contends that HABC violated its lease agreement which required it, *inter alia,* to maintain her dwelling unit in good repair. *Id.* She alleged, after the flood in 1985-86 and the resulting poor repairs, "Ms. McCormick notice [sic] rusty/discolored water coming out her tub faucet and that

---

[1] Plaintiff's Complaint refers to two different dates for the form: March 28, 2017 and March 28, 2016. ECF 2 at 3. The 2017 date appears to be correct.

tub was turning rusty . . . Plaintiff put in several work orders for a new tub and reported that every time she took a bath in the rusty tub she would get a vaginal infection (this was her first noticeable injury- in the late 1980's)." *Id.* at 6.   She further alleged, "However, unknowingly, Ms. McCormick put in a work order to get the tub painted and when she bathe [sic] she continued to get an infection even in the newly painted tub; in less than a year the tub turn [sic] rusty again." *Id.* She alleges that in 2016, after "30 years of putting in work orders and pleading with ODH staff for a new tub; and HABC employees telling plaintiff they can only paint over the existing tub," she mentioned her rusty tub to the President of the Resident Advisory Board, and had a new tub installed within a week. *Id.* at 8.

Plaintiff further alleges that, "Over the years, toxins such as, mold and scaly mineral deposits were airborne and started to grow on her tub, walls, bathroom floor tile, window, mirrors, fixtures and even on Ms. McCormick over those 31 years of pain and suffering." *Id.* at 5. Plaintiff alleges that in 2004, HABC relocated residents in another section of her housing complex due to sewage problems/flooding and "hazardous health risk complaints." *Id.* at 9. Although HABC had been aware of soil erosion and deterioration, and had held numerous community meeting to relocate various residents, nothing was done to relocate Plaintiff, despite what she calls "HABC's Public 'Point of Discovery' in 2004." *Id.* at 9.   She accordingly resided in the same unit, in relative disrepair, for over 30 years.

## III. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss.  *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of*

*Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken

4

as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also MD v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## IV.   ANALYSIS

Initially, Plaintiff raises a number of contentions about what she argues was a belated filing of HABC's Motion to Dismiss.  It appears from Plaintiff's filings that she believes the sanction for HABC's tardy filing should be denial of the motion.  Plaintiff cites a number of Maryland Rules, which are not applicable in federal court, to support her position.  *See, e.g.,* ECF 11-1 at 3 ("Defendant failed to fulfill its Discovery Obligations under Md., Rule 2-432; Md. Rule 2-433(a), without obtaining an order to compel discovery under section (b) . . . This is a reason to strike and deny Defendant's Motion to Dismiss."). Regardless, it is far from clear that HABC's Motion was filed belatedly.  The parties submitted a variety of declarations and affidavits about the sufficiency of service, disputing everything from the location of counsel's vacation to whether each page was properly copied and provided. *See, e.g.*, ECF 11-1 at 8 (claiming that HABC's lead attorney sent "deceitful emails" and "'pressured' plaintiff into purchasing and giving her a courtesy copy of the wrong thing, the appendix and not the complete complaint letter"). Ultimately, this Court need not sort through the thorny factual disputes.  Contrary to Plaintiff's position, even if HABC's motion

to dismiss were belatedly filed, the appropriate remedy would not be to deny the motion and to grant default judgment for Plaintiff.

The Fourth Circuit has repeatedly counseled that disposition of cases on their merits, not disposition by default, is favored. *See, e.g., Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 417 (4th Cir. 2010) (noting the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). Thus, even assuming that HABC did not timely file its response to Plaintiff's Complaint, given the strong preference for disposition of claims on their merits, and the lack of any prejudice to Plaintiff from the minimally belated filing, default would not be granted, and HABC would be afforded a retroactive extension of time to file its substantive response. *See, e.g.*, *United States v. Mraz*, 274 F. Supp. 2d 750, 755–56 (D. Md. 2003) (declining to enter default judgment where no prejudice resulted from belated filing).

Thus, this Court turns to the assessment of Plaintiff's allegations under the motion to dismiss standard, keeping in mind that Plaintiff's complaint must be liberally construed because she is a *pro se* litigant. *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989) (noting that the Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."). Although Plaintiff filed her Complaint initially in state court, she mentions various federal statutes, constitutional provisions, and regulations, which will be addressed sequentially below. The Court notes that, in Plaintiff's opposition to HABC's Motion to Dismiss, she makes no mention of, and does not respond to, HABC's arguments that she has failed to articulate a viable federal claim. Instead, she contends, "HABC is liable for its employee(s) negligence, breach of contract and tortious acts against plaintiff in this matter." ECF 11-1 at 16. Thus, Plaintiff's own contentions, and her original choice of venue,

7

bolster the notion that despite the stray references in her Complaint, in essence, she is asserting state law, not federal law, claims.

First, Plaintiff's Complaint, in its introductory paragraph, refers to "Constitutional Tort, 42 USCS Section 1983 in conjunction with the Civil Rights Act of 1871, 1866, 1968 and the 1st Amendment." ECF 2 at 1. Section 1983 is "not itself a source of substantive rights," *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979), but rather "provides a cause of action for the deprivation of federal constitutional and statutory rights under color of state law." *Pink v. Lester,* 52 F.3d 73, 74 (4th Cir. 1995). Its applicability, therefore, depends on whether Plaintiff has articulated another federal constitutional or statutory right that has been denied. As set forth below, she has not.

Plaintiff's Complaint includes four separate "causes of action," each sounding in state law claims: contract, personal injury, "toxic tort claim," and product liability. ECF 11-1 at 2. Plaintiff includes a table in which she lists various "statutes" to support each of those common law claims. *Id.* Although there is no need to cite statutes to support common law claims, Plaintiff's table makes general reference to certain categories of federal regulations, including "HUD/Code of Federal Regulations," "EPA Rules & Regulations," "HUD Rules & Regulations," and "HUD Projects & Funding Laws." *Id.* While it is not clear that Plaintiff actually intends to bring a claim under any particular regulation, to the extent she does, her unspecified claim would not meet the *Twombly* standard of giving HABC "fair notice" of the basis of her claim for relief.

Next, Plaintiff makes reference to the Fair Housing Act of 1968 and to various Civil Rights Acts, including those passed in 1866, 1871, 1968, and 1983. ECF 2 at 1, 2, 3. Plaintiff alleges that her civil rights were infringed because "all citizens are equally protected by the law," *Id.* at 3, but she makes no allegation that she was treated differently as a result of her membership in any protected class. In other words, while she has alleged, *inter alia,* that other tenants were relocated

from their defective housing units and she was not, she has not alleged that her race, color, or national origin impacted the treatment she received. *See Edwards v. Johnston County Health Dept.*, 885 F.2d 1215, 1221 (4th Cir. 1989) (listing the elements of a violation of the Fair Housing Act to include that the defendant's actions were based on the plaintiff's race, color, or national origin). Such allegations are necessary to plead a viable civil rights claim, and Plaintiff has failed to make even a desultory attempt to do so.

Finally, Plaintiff makes repeated reference to the First Amendment to the United States Constitution. *See, e.g.*, ECF 2 at 1. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const., amend. I. Plaintiff's Complaint is devoid of any reference to a particular First Amendment grievance, in that she does not make any allegations pertaining to religion, speech, or assembly. The closest Plaintiff comes to articulating a First Amendment claim is the statement that the First Amendment "allows citizens to petition the government for redress or grievance." ECF 2 at 3. Certainly, Supreme Court precedents "confirm that the Petition Clause protects the rights of individuals to appeal to courts and other forums for resolution of legal disputes." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011). However, Plaintiff is exercising her rights under the Petition Clause through her pursuit of this legal action, and she has not alleged any facts to support any infringement of her Petition Clause rights by HABC.

Ultimately, the mere conclusory mention of various provisions of federal law within her Complaint do not amount to a well-pleaded claim for relief, and to the extent Plaintiff even intended to assert any federal law-based claims, they are dismissed. With the dismissal of every

claim over which this Court would have original jurisdiction, this Court must decide whether to exercise supplemental or pendent jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."). This case presents a quintessential landlord-tenant dispute, unique only in the long duration of the alleged wrongdoing. Plaintiff has articulated several potential state law claims against HABC, including but not limited to negligence, breach of contract, and products liability. Those claims raise a plethora of state law-based issues, including the statute of limitations, the notice requirement of the Local Government Tort Claims Act, and the proper application of the continuing violation doctrine. Although this case has been pending for some months, largely as a result of the COVID-19 pandemic and the attendant delays in the court process, the case is at the very earliest stages of adjudication. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350  (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . ."). When a case was originally removed to federal court, a district court may exercise "discretion to remand to state court a removed case involving pendent claim upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 357. This Court will exercise that discretion in this case, and will remand this case to the Circuit Court for Baltimore City for adjudication of Plaintiff's landlord-tenant claims.

V.  **CONCLUSION**

For the reasons set forth above, HABC's Motion to Dismiss, ECF 7, will be granted as to Plaintiff's federal claims, and Plaintiff's Motion to Strike, ECF 11, will be denied. The case will

be remanded to the Circuit Court for Baltimore City for adjudication of Plaintiff's state law claims.

A separate Order follows.

Dated:  July 15, 2020

                                                                /s/
                                                 Stephanie A. Gallagher
                                                 United States District Judge